IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| The National Bank of South Carolina, | ) ) ) | CIVIL ACTION NO. 3:04-22447-10BC |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Debra L. Julian; William F. Julian; D. Scott Heineman Kurt F. Johnson, Trustees of the Julian Family Trust and American Express Travel Related Services, | ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

      This matter is before the Court pursuant to the Report and Recommendation submitted by United States Magistrate Judge Joseph R. McCrorey, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules.  The National Bank of South Carolina (NBSC) has filed suit against Debra L. Julian and William F. Julian (the "Julians"); D. Scott Heineman and Kurt F. Johnson, as the Trustees (the "Trustees") of the Julian Family Trust (the "Trust"); and American Express Travel Related Services ("American Express") seeking to foreclose on a parcel of property.

**I.**

      On April 15, 2002, the Julians borrowed One Hundred Thirty-four Thousand Sixteen and 00/100 ($134,016.00) Dollars from NBSC to purchase property located at 522 M. Avenue, Cayce, South Carolina.  (See Complaint at ¶¶ 6-7.)  The loan was secured by a residential real estate mortgage on the property and a promissory note executed in favor of NBSC.  On April 4, 2004, the Julians purportedly conveyed the property to the Julian Family

Trust. (Id. at ¶ 8.) Thereafter, the Julians failed to make any further payments on the note and defaulted on the loan. (Id. at ¶¶ 9-10.)

On June 10, 2004, NBSC commenced a foreclosure action in the Lexington County Court of Common Pleas. The Julians answered, counterclaimed and sought a declaratory judgment[1] alleging *inter alia* that NBSC had violated the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.*, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, the Federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and the Racketeering Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et. seq*. The Julians also asserted state counterclaims for fraud, conversion, extortion, to quiet title to property and for violating the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et. seq*. The Trustees were served, but failed to timely answer. American Express, though only a judgment creditor, filed an answer to protect its interest. Thereafter, NBSC removed the case to the United States District Court based on the federal questions raised by the Julians. On October 7, 2004, NBSC moved to strike the defenses and to dismiss the counterclaims asserted by the Julians pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. On January 11, 2005, NBSC moved to hold the Julian Family Trust in default pursuant to Rules 7, 11, and 12 of the Federal Rules of Civil Procedure.[2]

Upon his consideration, the Magistrate Judge observes that the defenses and counterclaims raised by the Julians are based on the "vapor money" theory which has been

---

1. The Julians seek a declaratory judgment pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 451, 2201 and 2202.

2. On March 25, 2005, Magistrate Judge McCrorey entered an Order denying motions by the Julians to file an amended answer and counterclaim, to stay the scheduling order and to allow their counsel to withdraw. The Magistrate Judge further granted a motion by NBSC to strike pleadings filed *pro se* by the Trustees.

rejected by every court which has considered it.  See The Frances Kenny Family Trust v. World Savings Bank FSB, 2005 WL 106792, *1 (N.D. Cal. 2005)[3]; Rene v. Citibank, N.A., 32 F.Supp.2d 539 (E.D.N.Y. 1999); Thiel v. First Federal Savings and Loan Association of Marion, 646 F. Supp. 592 (N.D. Ind. 1985); Nixon v. Individual Head of the St. Joseph Mortgage Co., 179 F.R. 979 (Bankr. N.D. Ga. 1995).  The Magistrate Judge observes that the Julians cite no authority for their position and cannot point to any acts which lead him to conclude that any federal statutes have been violated.  Therefore, the Magistrate Judge recommends that the Court grant NBSC's motion to strike the defenses and counterclaims of the Julians.

The Julians filed objections to the Magistrate Judge's report on April 11, 2005.  The Julians contend that NBSC's Motion to Strike is premature because the burden for establishing their claims cannot be fully ascertained until after discovery is complete.  Therefore, the Julians ask the Court to reject the Magistrate Judge's recommendation that their affirmative defenses be stricken from the record.

**II.**

NBSC's Motion to Strike

NBSC moves to strike the defenses and dismiss the counterclaims of the Julians asserting that they have no legal basis, are legally insufficient and fail to state a claim upon which relief can be granted.  In response, the Julians contend *inter alia* that (1) they wrote their names on NBSC's document, purported to be the note signed by them, due to the fraud and deception perpetrated on them by NBSC (Answer ¶ 6); (2) there was no meeting of the

---

3.  At least fifteen (15) similar cases have been filed in the Northern District of California.

minds on the nature of the document and that there was no value received supporting the document (id.); (3) NBSC did not have the monetary resources equal to the face value of the One Hundred Thirty-four Thousand Sixteen and 00/100 ($134,016.00) Dollar loan in its vault (Counterclaim ¶ 29); (4) NBSC did not actually loan them any legal tender (Counterclaim ¶ 32); (5) NBSC merely "converted [the Julians'] promissory note into a negotiable instrument" without their consent and without compensating them.  (Counterclaim ¶¶ 38, 39.); (6) they do not owe NBSC any money (Counterclaim ¶ 56); and (7) they are entitled to legal possession of the property located at 522 M Avenue, Cayce, South Carolina (Counterclaim ¶ 58).

The Court observes that there is no requirement that a loan must be made with legal tender before a court will deem it valid.  While dollar bills and coins have been declared by Congress as legal tender, see 31 U.S.C. § 5103, and so can be used to pay any debt, not all debts need be paid in legal tender if the parties agree.  Upon an examination of the record, it is quite apparent that the loan properly served the purpose of providing the Julians with the funds they needed to purchase the property located at 522 M Avenue, Cayce, South Carolina. As such, the Court agrees with the Magistrate Judge that the defenses and counterclaims of the Julians do not show a violation of any of the federal statutes that are cited to in their Answer and Counterclaim.

NBSC's Motion to Hold the Trust in Default

Additionally, NBSC moves the Court to hold the Trust in default.  The Court observes that on March 25, 2005, the Magistrate Judge granted NBSC's motion to strike the Answer of Trustees finding that the Trust had failed to timely answer the Complaint and that

Defendants Heineman and Johnson were not attorneys and had violated Rule 11 of the Federal Rules of Civil Procedure by trying to represent the Trust. Accordingly, the Court agrees with the Magistrate Judge's recommendation that the Trust is in default.

### III.

Upon careful consideration of the record, and for the reasons observed by the Magistrate Judge, the recommendation is approved. The motion of NBSC to strike the defenses and dismiss the counterclaims of the Julians is hereby **GRANTED**. In addition, the Defendant Julian Family Trust is deemed to be in default. Pursuant to <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715 (1966) and 28 U.S.C. § 1367(c)(3), the case is remanded to the Court of Common Pleas, the Eleventh Judicial Circuit, County of Lexington, State of the South Carolina.

**IT IS SO ORDERED.**

S/ Matthew J. Perry, Jr.
**MATTHEW J. PERRY, JR.**
**SENIOR UNITED STATES DISTRICT JUDGE**

**Columbia, South Carolina**
**August 2, 2005**